**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRI VI AU,

    Petitioner,

    v.

EDWARD ALAMEIDA, Warden,

    Respondent.

No. C 04-2229 PJH (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has filed a traverse. The case is ready for decision.

**BACKGROUND**

Petitioner Tri Vi Au[1] was convicted at a bench trial in Santa Clara County of selling or offering to sell cocaine base, *see* Cal. Health & Saf. Code § 11352(a), possessing cocaine base for sale, *see id.* § 11351.5, and being under the influence of a controlled substance, *see id.* § 11550(a). Ex. 6 (opinion of the California Court of Appeal) at 1. The court found true that Tri had three prior serious felony convictions and had served a prior prison term and failed to remain free of custody for five years. *Id.* He was sentenced to twenty-five years to life for sale of or offering to sell cocaine base and was given a stayed

---

[1] To avoid confusion, Tri Vi Au will be referred to as "Tri Au," "Tri," or "petitioner," and Dung Au will be referred to as "Dung Au" or "Dung."

sentence of twenty-five years to life for possessing cocaine base for sale. CT at 260. In the interest of justice, the court imposed a concurrent one year sentence for being under the influence and dismissed the prior prison allegation. *Id.*

The California Court of Appeal affirmed petitioner's convictions and sentence. The California Supreme Court denied his application for review. His state habeas petitions presenting the issues raised here were denied.

As grounds for habeas relief, petitioner asserts that: (1) his convictions of possessing cocaine base for sale and selling or offering cocaine base for sale violated due process because there was insufficient evidence to support them; (2) his counsel was ineffective in not making a motion for acquittal at the close of the prosecution's case; and (3) his counsel was ineffective in calling Truong Do as a witness.

Petitioner does not dispute the following facts, which are taken from the opinion of the California Court of Appeal:

> Officer Luu Pham was a surveillance and undercover buy officer in the San Jose Police Department, narcotics division. A reliable confidential informant informed Pham that two Vietnamese individuals named Tri and Truong were selling crack cocaine. The informant gave Officer Pham their cellular telephone number: 829-4009. According to the informant, Officer Pham could use the telephone number to contact the men and arrange a buy.
> On April 13, 1999, Officer Pham called the cellular telephone number provided by the informant. A man answered in Vietnamese and identified himself as Tri. After Officer Pham identified himself as the friend of another acquaintance, the man asked Officer Pham how many rocks he wanted. Officer Pham replied "two" and the two arranged to meet at the Palm Tree Motel, room 26, on Monterey Road in 20 minutes.
> Officer Pham, Officer Luan Nguyen and Officer Khanh Nguyen set up surveillance at the motel. After about 20 minutes, they saw a black Integra sedan park in front of room 26. An Asian male stepped out. The man, later identified as Dung Au, was arrested for being under the influence. A search of Dung revealed 14 rocks of cocaine. Dung did not have a cellular telephone in his possession.
> Dung was taken to the police station and interviewed. Dung consented to the search of his bedroom at 2695 Ransdell, San Jose. Dung, along with the three officers, went to the house. From the outside of the house, Dung pointed out his room to the officers. Officer Pham remained in the patrol car with Dung. The other two officers approached his residence.
> From the front porch, Officer Luan Nguyen observed a man, woman and young boy inside the residence. The man was looking at a stack of papers and using a calculator. Officer Luan Nguyen knocked on the door and identified himself. The woman saw the officers through the door, and yelled "cops are here," in Vietnamese. The man grabbed his papers and ran into a bedroom on the right side of the house. A young man entered the living room, saw the

officers, who were still outside, and ran back into a bedroom on the left side of the house. The older man came back. The man, along with the woman, opened the door.

Officer Luan Nguyen told them that they had Dung Au and were investigating narcotics sales. After being invited inside, Officer Luan Nguyen asked the woman if there was anyone else in the house. She said that there was not. Officer Luan Nguyen received the woman's permission to do a limited sweep of the residence for other occupants.

Officer Luan Nguyen entered the bedroom on the left where he had seen the other man retreat. He found Truong Do standing in a smoke-filled room. Based upon his training and experience, Officer Luan Nguyen recognized that the smoke was from crack cocaine. A homemade crack pipe, glass beaker and baking soda were in plain view.

Officer Luan Nguyen escorted Do out into the living room with the others. The older man, who was still in the living room, asked to get a jacket. Officer Luan Nguyen accompanied the man to the master bedroom. As they approached the closet, Officer Luan Nguyen heard a cellular telephone ring from inside. Officer Luan Nguyen opened the closet door and saw a man, defendant, squatting in the closet holding something in his hands.

Officer Luan Nguyen drew his gun, and ordered defendant out of the closet and onto the ground. Officer Khanh Nguyen handcuffed defendant and Officer Luan Nguyen seized the object in defendant's hand, which was a cellular telephone. The older man got his jacket and Officer Luan Nguyen escorted the older man back into the living room.

Officer Khanh Nguyen remained in the bedroom with defendant. Defendant became irate, began yelling, and charged Officer Khanh Nguyen. A struggle ensued. Officer Khanh Nguyen, with the help of Officer Luan Nguyen, subdued defendant.

Officer Pham, who was standing outside the search, observed Nhan Au arrive at the residence. Officer Pham spoke with Au outside, detected an odor of marijuana, and arrested and searched Au, finding marijuana. Officer Pham requested and received permission to search Au's bedroom. Au identified the same room as Dung.

Defendant was taken outside to a patrol car. Officer Pham opined that defendant was under the influence of a controlled substance. Officer Pham spoke with defendant and recognized that his voice was the voice of the person that had accepted Officer Pham's order for cocaine. Officer Pham confirmed that defendant's name was Tri Au.

Officer Pham entered the residence. Officer Luan Nguyen handed Officer Pham the cellular telephone defendant had in his possession. Using his own cellular telephone, Officer Pham placed a call to the number he had received from the informant. Defendant's cellular telephone rang, displaying Officer Pham's number on the caller identification.

Defendant's cellular telephone subsequently rang several times. Officer Pham answered the calls, spoke with the callers in Vietnamese, pretending to be a drug dealer. Officer Pham told the callers that defendant was unavailable and took their drug orders.

Ex. 6 at 2-4.

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's

3

adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2001), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340. This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id.*

///

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion, in this case that of the Santa Clara County Superior Court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

## DISCUSSION

### I.   Sufficiency of the Evidence

Petitioner Tri Au first argues that there was insufficient evidence to support his convictions for possession for sale of cocaine base and sale or offer for sale of cocaine base. As to the first charge, he argues that the prosecution did not present sufficient evidence that he had control or dominion over the drugs found in Dung Au's sock or in the handle of the portable stereo in Dung's room. Tri Au further argues that the prosecution did not present sufficient evidence that a sale or offer for sale of cocaine base actually occurred.

The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). A state prisoner is entitled to habeas relief when the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

A federal court sitting in habeas review of a state court conviction does not determine whether it is satisfied that the evidence presented at trial established guilt beyond a reasonable doubt. *Payne v. Borg*, 982 F.2d 335, 338 (9th Cir. 1992). Rather, the federal court "determines only whether, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson*, 443 U.S. at 319). Only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt, may the writ be granted. *Jackson*, 443 U.S. at 324; *Payne*, 982 F.2d at 338. The operative question is whether the state court decision upholding the conviction as based on sufficient evidence reflected an unreasonable application of *Jackson* and *Winship* to the facts of the case. *Juan H. v. Allen*, 408 F.3d 1262, 1275 (9th Cir. 2005).

### A. Possession for Sale

The Santa Clara Superior Court, in denying Tri's habeas petition, determined that substantial evidence establishing Tri's guilt of possession of cocaine base for sale was provided at trial. Ex. 10. As the superior court was the highest state court to rule on the merits of this issue, this court reviews the decision to determine whether it was contrary to, or an unreasonable application of, clearly-established United States Supreme Court precedent.

The evidence on this charge included: (1) the person who answered the phone number provided to police by the informant identified himself as "Tri," RT 106-107; (2) Officer Pham asked to buy two rocks of crack cocaine and agreed to meet the person on the phone at the Palm Tree Hotel in twenty minutes, RT 108; (3) fourteen individually wrapped 0.2 gram packages of crack cocaine were found in Dung's sock when he arrived at the Palm Tree Motel approximately twenty minutes after Pham's phone call, RT 110-111, 200; (4) in Dung's pocket, the arresting officers found a pay-owe ledger containing the name "Long," which was the same fictitious name provided by Pham to the person on the phone, RT 112; (5) the pay-owe sheet listed a quantity of two and a price of forty, RT 112-113; (6) Tri was found by police hiding in a closet holding a cellular telephone in Dung's house, RT 164-165; (7) Pham called the telephone number that he was given by the informant, and the phone confiscated from Tri rang, displaying Pham's phone number, RT 119; and (8) upon speaking with Tri, Pham was positive that Tri was the person who he spoke to earlier on the phone, RT 118.

///

1    This evidence was ample for a reasonable trier of fact to determine beyond a
2 reasonable doubt that petitioner possessed cocaine base for sale.  A reasonable trier of
3 fact could determine that in making arrangements over the phone for drugs to be delivered
4 to Officer Pham at the Palm Tree Motel, Tri possessed dominion or control over the crack
5 cocaine found in Dung's sock, which was clearly being offered for sale when Dung arrived
6 at the agreed upon location.[2]  Petitioner's due process rights therefore were not violated, so
7 the rejection of this claim by the California courts was not contrary to, or an unreasonable
8 application of, clearly established Supreme Court authority.

### B.    Sale or Offer for Sale

10   Relying on contract law, petitioner argues that because during his telephone
11 conversation with Officer Pham, neither price, weight, nor quality of the crack rocks to be
12 delivered were discussed, no valid offer existed.  However, in its denial of Tri's habeas
13 petition, the Santa Clara Superior Court found the elements of the crime of offering
14 narcotics for sale had been met by the evidence presented at trial, thereby impliedly
15 rejecting the theory that the criminal charge requires an offer as defined in California
16 contract law.  Ex. 10 at 2.  Sitting in habeas corpus, this court is bound by the state court's
17 interpretation of state law.  *Bradshaw v. Richey*, 546 U.S 74 (2005); *Hicks v. Feiock*, 485
18 U.S. 624, 629 (1988).  Circumstantial evidence and inferences drawn from that evidence
19 may be sufficient to sustain a conviction.  *Walters v. Maass*, 45 F.3d 1355, 1358 (9th Cir.
20 1995).

21   The circumstantial evidence presented at trial was sufficient to convince a
22 reasonable fact-finder Tri was guilty of offering cocaine base for sale.  Circumstantial
23 evidence of the offer for sale include the fact that the person who answered Officer Pham's
24 phone call identified himself as Tri, that Officer Pham asked for two rocks of crack cocaine

---

[2] This is true even excluding any evidence that came out in the testimony of Truong Do.  In his traverse, Tri argues that relying on Do's testimony for either of the sufficiency of evidence claims proves prejudice in his ineffective assistance of counsel claim.  This court need not reach that assertion, because sufficient evidence for both of Tri's convictions exists absent Do's testimony.

7

and the person on the phone said he would come to the Palm Tree Motel in twenty minutes, and that Tri was found by police officers in possession of the phone used to answer Officer Pham's call.  The phone interaction between Officer Pham and Tri was such that a rational trier of fact could find beyond a reasonable doubt that there was an offer to sell cocaine base.  Because sufficient evidence existed to convict Tri of offering to sell narcotics, his due process rights were not violated.  The state courts' rejection of this argument therefore was not contrary to, or an unreasonable application of, clearly-established Supreme Court authority.

## II.     Ineffective Assistance of Counsel Claim

Petitioner argues that his attorney's performance was deficient because the attorney did not move for his acquittal at the close of the prosecution's case-in-chief and because the attorney called Truong Do as a defense witness.

The Sixth Amendment right to counsel guarantees not only assistance, but effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result.  *Strickland*, 466 U.S. at 686.  To prevail on a Sixth Amendment ineffectiveness claim, petitioner must establish: (1)  that counsel's performance fell below an "objective standard of reasonableness" under prevailing professional norms, *Id.* at 687-688; and (2) that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  In addition he must establish that the state court "applied *Strickland* to the facts of his case in an objectively unreasonable manner."  *Bell v. Cone*, 535 U.S. 685, 699 (2002).

### A.     Failure to File Motion for Acquittal

Petitioner claims there was no conceivable advantage in his attorney's failure at the end of the prosecution's case-in-chief to move for his acquittal based on insufficiency of the evidence.  However, it is not enough the establish a Sixth Amendment violation that there

be "no conceivable advantage" in omitting the action; the omission must instead be an error so serious that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687.  Judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 at 689; *Wildman v. Johnson*, 261 F.3d 832, 838 (9th Cir. 2001).

As discussed in section one above, there was more than sufficient evidence for a rational trier of fact to convict Tri of both narcotics charges.  Given the evidence against Tri presented in the prosecution's case-in-chief, a motion for acquittal would have been meritless.  Trial counsel is not ineffective for failing to raise a motion that he knows is without merit on the facts and the law.  *Juan H.*, 408 F.3d at 1273.  For this reason counsel's conduct was both not deficient and not prejudicial.

### B.     Calling Truong Do as a Witness

Petitioner argues that a significant amount of inculpatory evidence was introduced because of his attorney's decision to call Do as a witness.  He claims that Do's testimony: (1) allowed the content of the drug ledgers into evidence; (2) brought out that Tri drove him around to conduct drug deals, RT 235; (3) linked Tri to Dung's bedroom where the cocaine base and paraphernalia were found, RT 246; and (4) contradicted Dung's testimony regarding whether Dung had obtained the crack cocaine he was arrested with from Do directly or from the bushes where Do hid his stash, RT 227.

The court found Tri guilty of the drug offenses, relying on evidence that the person who took Officer Pham's drug order identified himself as "Tri," that Officer Pham recognized petitioner's voice as the person who took the call, and that petitioner was found hiding in a closet in Dung's house under the influence of cocaine and holding the phone used to receive Officer Pham's order.  Given this evidence, none of which is from Do, petitioner has failed to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *See Strickland*, 466 U.S. at 694.  That is, the error, if any, was not prejudicial.

9

### C. Conclusion

Petitioner has failed to establish a violation of his Sixth Amendment rights. The rejection of the ineffective assistance claims by the state courts was not contrary to, or an unreasonable application of, clearly-established Supreme Court authority.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 10, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.04\AU229.RUL